## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80442-CIV-RYSKAMP/VITUNAC

QSGI INC., a Delaware Corporation,

      Plaintiff,

v.

ANYSYSTEM.COM LLC, et al.,

      Defendants.

_____/

## ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

THIS CAUSE comes before the Court pursuant to the following motions:

• The motion of Defendants Anysystem.com, LLC; John R. Butler III, also known as John Butler, also known as Hamilton Bay; Hamilton Bay Inc., Hamilton Bay, LLC; Conklin Hall Group, LLC ("Anysystem Defendants"); Warren J. Martin Jr., Esq. ("Martin"); and Porzio, Bromberg & Newman PC's ("Porzio") Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed April 14, 2007 [DE 101]. Defendants Gibraltar Financial Corporation's ("Gibraltar") and Jerron Investments ("Jerron" and "Gibraltar," all Defendants, collectively, "Defendants") joined the motion on April 14, 2007 [DE 103]. Plaintiff QSGI, Inc. ("QSGI") responded on May 7, 2007 [DE 113]. The Anysystem Defendants filed a reply on May 14, 2007 [DE 118], which Jerron and Gibraltar also joined [DE 116],

• QSGI's Motion for Leave to File a Sur-Reply And for Other Sanctions, filed May 17, 2007 [DE 121], and

• Defendants' Motion for Hearing on the Motion for Leave to File a Sur-Reply, filed June 1, 2007 [DE 125].

These motions are ripe for adjudication.

## I.   BACKGROUND AND PROCEDURAL HISTORY

QSGI complains that it sold computer component products on credit to Defendant, Anysystem.com, LLC, a New Jersey corporation engaged in the business of reselling computer components.  Anysystem.com, LLC allegedly failed to pay QSGI $447,934.27 for the computer components.  The Court has twice dismissed complaints in this action, see Orders dated September 22, 2006 **[DE 54]** and February 15, 2007 **[DE 82]**, and has set forth the complete factual scenario underlying QSGI's claims therein.

## II.   DISCUSSION

Defendants moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of diversity jurisdiction, alleging that QSGI has its principal place of business in New Jersey rather than Florida, as alleged in the Second Amended Complaint.

Courts examine a corporation's "total activity" in determining its principal place of business.  Vareka Investments N.V. v. Am. Inv. Prop., Inc., 724 F.2d 907, 910 (11th Cir. 1984) (quoting Village Fair Shopping Ctr. v. Sam Broadhead Trust, 588 F.2d 431, 434 (5th Cir. 1979)).  The "total activity" test consists of two subtests: the "nerve center" test and the "place of activities" test.  Id. (quoting Toms v. Country Quality Meats, Inc., 610 F.2d 313, 315 (5th Cir. 1980)).  The nerve center test applies to corporations that conduct activities in several states.  See Barrantes Cabalceta, et al. v. Standard Fruit Co., et al., 667 F.Supp. 833, 834 (S.D. Fla. 1987), *rev'd on other grounds*, 883 F.2d 1553 (11th Cir. 1989) (citing Scot Typewriter Corp. v. Underwood Corp., 170 F.Supp. 862, 865 (S.D.N.Y. 1959)).  See also Sanchez v. UHS of Puerto Rico, Inc., 223 F.Supp.2d 371, 375 (D.P.R. 2002) (nerve center test applies to holding company with complex and

far-flung activities); <u>Vandervest v. Wisconsin Cent</u>, 936 F.Supp. 601, 603-04 (E.D. Wis. 1996) (application of nerve center test indicates corporation's principal place of business is in state in which its headquarters is located, rather than state in which corporation conducted most of its business); <u>Exxon Corp. v. Duval County. Ranch Co.</u>, 406 F.Supp. 1367, 1369 (S.D. Tex. 1975) (corporation with substantial operations in several states has its principal place of business in state housing its administrative offices). The "place of activities test," on the other hand, applies to corporations whose business activities are essentially split between two states. <u>See</u> <u>Barrantes</u>, 667 F.Supp. at 834 (citing <u>Homestead Log Co. v. Square D Co.</u>, 555 F.Supp. 1056, 1057-58 (D. Id. 1983)).

QSGI is incorporated in Delaware. It is a technology services company as opposed to a production or manufacturing company and does not produce any tangible "product" of its own. QSGI operates in three market segments: Data Security and Compliance, based in Hightstown, New Jersey, which involves end-of-life services for information technology, Data Center Hardware, which involves the reselling of refurbished enterprise class computers and peripheral products, and Data Center Maintenance, which involves providing maintenance services for enterprise class hardware and consulting to business entities throughout the United States. The latter two segments are centered in Eagan, Minnesota. The New Jersey facility is slightly larger than the Minnesota facility. 22 of QSGI's 68 employees work out of the New Jersey facility.

QSGI has offices and sales representatives throughout the United States, including offices in Florida, New York, Minnesota, New Hampshire, and an office in Delhi, India. Sales representatives and customers are located throughout the United

States, including Florida, New York, Minnesota, New Hampshire, Connecticut, Illinois, Indiana, Kansas, Maine, Michigan, North Carolina, Nebraska, Pennsylvania, Texas, South Carolina, Virginia, Wisconsin and Wyoming.

As of April 30, 2006, the accounting period immediately preceding the filing of this action, the Minnesota facility had generated $8,250,171 from sales, while, for accounting purposes, the sales attributable to the New Jersey facility were $5,698,727. For all of 2006, Minnesota generated $24,883,018 from sales and New Jersey generated $22,013,739 from sales.  Of the $22,013,739 in sales attributable to New Jersey, $10,714,783 was attributable to Florida, $7,216,890 was attributable to New Hampshire, $4,124,720 was attributable to Pennsylvania, $247,930 was attributable to New York, and $19,727 was attributable to Ohio.  Thus, only a fraction of this whole was generated by sales made to New Jersey customers.

Every annual shareholder meeting of the Corporation has been held in Florida. Every board of directors meeting as of May 2, 2006 has been held in Florida.  Only one of six Board of Directors meetings has occurred in New Jersey since May 2, 2006, and that was to demonstrate a new mobile data erasure system.  Every committee meeting of the Board of Directors has taken place in Florida as of May 2, 2006.

Three of seven directors reside in Florida.  One resides in Michigan, one in Ohio, one in New Jersey, and one divides his time between Florida and New Jersey.  Of the corporation's officers, the chief executive officer resides and works in Florida, the chief operating officer resides in Florida and New Jersey, and until recently worked out of New York and spent approximately one week per month working in each of Florida, Minnesota and New Jersey.  The Vice President for information technology and systems

resides in New York and divides work between New York and New Jersey. An executive vice president resides in Minnesota and works out of Minnesota. The Vice President for global development works in New York. All officers travel from time to time in the United States and in foreign countries when the need arises.

QSGI's legal counsel is located in Florida. Its independent accountants are located in Missouri. Its public relations firm is located in New York. Its lawyers and accountants meet with the Board of Directors and principal executives in Florida on a regular basis. Legal counsel maintains the corporate books and records in Florida.

The Florida office, even though it houses only five employees, is the location from which virtually all policies and decisions of the Board of Directors are determined. Implementation of these policies and decisions results from meetings held in Florida.

The Motion to Dismiss attempts to paint QSGI as an entity with its principal place of business in New Jersey, noting instances and examples of QSGI transacting business in New Jersey. Granted, QSGI conducts a large portion of its business out of the State of New Jersey. That such is the case, however, does not diminish its quality as a "far-flung" corporation.

Defendants' attempts to paint QSGI as a New Jersey corporation are unavailing. Defendants maintain that QSGI has identified New Jersey as its principal place of business in SEC filings. In fact, however, the reports are so designated because the officer responsible for seeing to the filings of these reports is based in New Jersey. Defendants also maintain that all of QSGI's press releases are issued out of New Jersey and identify New Jersey as its headquarters. To the contrary, press releases issue out of New York from information provided from the Florida office. The press releases contain

a New Jersey address because the individual responsible for the press releases is the same individual responsible for SEC filings. Defendants also maintain that QSGI's largest facility is in New Jersey. Such is true only when considering square footage of the Minnesota and New Jersey facilities; Minnesota is larger when measured by sales volume, revenue, business segments and total operations. While the corporation's website provides a New Jersey address, that address is only one possible contact point, along with Minnesota, New Hampshire and Florida, depending on the business segment the website viewer is interested in seeing. QSGI also maintains that it is unaware of having made any representation that New Jersey is its headquarters and that any such representation would not have been accurate. New Jersey is not the sole location responsible for companywide information services, data processing, customer billing bookkeeping and payroll. The Minnesota and New Jersey offices each handle these responsibilities for their respective business segments. Finally, Defendants maintain that invoices relating to the product at issue in this action came from New Jersey. Analysis of 2005 invoices between Defendants and QSGI indicates sales of $1,064,397.16 originating from Minnesota and $348,600 originating from Florida, however.

The Court has also examined the contents of the Butler Affidavit, and has concluded that the contents thereof do not diminish the "far-flung" character of QSGI. The record therefore does not support Defendants' contention that New Jersey is QSGI's principal place of business. As of May 2, 2006, the date of filing of this action, Florida was the "nerve center" from which QSGI operated its "far-flung" business.

The Court has also reviewed QSGI's request to file a sur-reply and has concluded that such a filing is unnecessary. The Court nonetheless notes that the motion to file a

sur-reply also requests the imposition of sanctions against Defendants for the inclusion of various items in their reply.  The Court elects not to address the request for sanctions at this juncture, but nevertheless issues this order on the issue of jurisdiction in the interests of furthering the progress of this action.  Given that QSGI has successfully defended a motion to dismiss on the merits, the Court queries whether it wishes to pursue its request for sanctions.  The Court requests that QSGI so notify it of its intent in that regard within two days of the date of this order.

## III.   CONCLUSION

THE COURT, having considered the pertinent portions of the record and being otherwise fully advised, hereby

ORDERS AND ADJUDGES that the Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed April 14, 2007 **[DE 101]**, is DENIED.  It is further

ORDERED AND ADJUDGED that the Motion for Leave to File a Sur-Reply and for Sanctions, filed May 17, 2007 **[DE 121]**, is DENIED insofar as it relates to the request to file a sur-reply.  It is further

ORDERED AND ADJUDGED that the Motion for Hearing on the Motion for Leave to File a Sur-Reply, filed June 1, 2007 **[DE 125]**, is DENIED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 2 day of June, 2007.

KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE