UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80442-CIV-RYSKAMP/VITUNAC

QSGI INC., a Delaware Corporation,

    Plaintiffs,

v.

ANYSYSTEM.COM LLC, et al.,

    Defendants.

_____/

**OMNIBUS ORDER**

    THIS CAUSE comes before the Court pursuant to the following motions:

- Gibraltar Financial Corp. and Jerron Investments' Motion for Clarification/Motion for Instruction on Order on Motion to Compel, filed July 20, 2007 **[DE 144]**. A response was filed on August 3, 2007, and a reply was filed on August 15, 2007. Plaintiff filed a "supplement" in relation to this motion on September 17, 2007.

- QSGI, Inc.'s Motion to Compel Mediation, filed July 26, 2007 **[DE 145]**. A response was filed on August 10, 2007.

- Gibraltar Financial Corp. and Jerron Investments' Motion to Redact Pages from Rule 26 Disclosure, filed August 3, 2007 **[DE 153]**. A response was filed on August 17, 2007.

- QSGI's Motion for Extension of Time to Respond to Discovery Request, filed September 4, 2007 **[DE 180]**. A response was filed on September 7, 2007, and a reply was filed on September 14, 2007.

    These motions are ripe for adjudication.

**I.     Motion for Clarification/Motion for Instruction and Motion for Extension**

On June 22, 2007, the Court entered an order denying the motion to dismiss the second amended complaint for lack of subject matter jurisdiction. The same day, the Court entered an order granting Plaintiff's motion to compel discovery. At issue is whether the Order granting the motion to compel requires Gibraltar and Jerron to produce all discovery responsive to Plaintiff's request for production. Plaintiff contends that these entities must produce all responsive discovery because they have waived the attorney-client privilege pursuant to what it calls the "crime-fraud exception." Gibraltar and Jerron request an order clarifying that the order granting the motion to compel was not a ruling as to whether they have waived the attorney-client privilege.

The Court did not rule on the attorney-client privilege issue in its order granting the motion to compel. Indeed, Plaintiff has not properly presented that issue to the Court. Plaintiff did not brief the issue in the motion to compel. The first mention of the "crime-fraud exception" came in Plaintiff's motion to file a surreply in relation to the motion to dismiss for lack of subject matter jurisdiction. The Court denied Plaintiff leave to file a surreply.[1] Plaintiff has now filed a "supplement" in relation to this motion for clarification, attaching newly discovered documents that are supposedly "dispositive to the crime-fraud exception." Plaintiff has not properly briefed this issue and has only asserted this argument via vague insinuation and improper filings. If Plaintiff wishes to argue that Gibraltar and Jerron have waived the attorney-client privilege, it

---

[1] The only portion of the motion to file a surreply that the Court did not deny was Plaintiff's request for sanctions against Defendants, a request Plaintiff later withdrew.

3

shall do so in a separate motion that clearly states its position and does not merely incorporate by reference scattered filings from the docket.

Plaintiff has also filed a motion for extension of time to respond to Gibraltar's First Set of Interrogatories and First Request for Production, which Gibraltar served on July 20, 2007. On August 29, 2007, Gibraltar delivered additional documents a previously served request for production from Plaintiff. Upon review of the documents, Plaintiff determined that some of the documents received from Gibraltar may fall under the attorney-client and/or work-product privileges. Plaintiff maintains that it cannot properly prepare responses to the discovery requests until it knows the Court's position as to whether Gibraltar waived the attorney-client privilege.

The Court fails to see the coherence in this motion. That Plaintiff believes that several Defendants have waived the attorney-client privilege is no reason for Plaintiff to fail to respond to discovery requests from Gibraltar. By failing to respond to the request for production in a timely manner, Plaintiff has failed to preserve its right to object to the interrogatories and to deny or object to the admissions. See Fed. R. Civ. P. 33(b), 36(a). Plaintiff shall respond to the discovery requests within 10 days of the date of this Order.

**II.     Motion to Compel Mediation**

Plaintiff has filed a motion to compel early mediation. This matter is set for trial on January 22, 2008, and the Order of Pretrial Procedures requests that the parties engage in mediation 60 days prior to the trial date. All parties, save Gibraltar, request that the parties be required to attend mediation within 35 days. Gibraltar maintains that it wishes to avail itself of the benefits of discovery prior to engaging in mediation and notes that the parties have only

4

recently engaged in a vigorous deposition schedule. The Court declined to require the parties to engage early mediation without at least giving Gibraltar the benefit of engaging in discovery.

### III.   Motion to Redact Pages

The Butler Defendants move to redact pages from their Rule 26 disclosures. The Defendants are concerned that certain information contained on pages 8, 9 and 10 of the disclosures are trade secrets of Anysystem.com. The specific information sought to be kept secret is a proprietary list of customer names. The Court would ordinarily be sympathetic to such a request, but here, Defendants have previously voluntarily disclosed the identities of several of Anysystem.com's customers. For example, in the July 7, 2006 Motion to Dismiss, Defendants attached to the Certification of Butler, wherein he named three of Anysystem.com's customers. The April 12, 2007 Motion to Dismiss also disclosed certain names of Anysystem.com's customers. In light of these prior voluntary disclosures, and in light of the fact that the parties have not entered into a confidentiality agreement regarding this information, the Court declines to grant Defendants relief in this regard.

### IV.   Conclusion

The Court, being fully advised and having considered the pertinent portions of the record, hereby

ORDERS AND ADJUDGES that the Motion for Clarification/Motion for Instruction on Order on Motion to Compel, filed July 20, 2007 **[DE 144]**, is GRANTED. It is further

ORDERED AND ADJUDGED that the Motion for Extension of Time to Respond to Discovery Request, filed September 4, 2007 **[DE 180]**, is DENIED. It is further

5

ORDERED AND ADJUDGED that the Motion to Compel Mediation, filed July 26, 2007 **[DE 145]**, is DENIED.  It is further

ORDERED AND ADJUDGED that the Motion to Redact Pages from Rule 26 Disclosure, filed August 3, 2007 **[DE 153]** is DENIED.

DONE AND ORDERED a Chambers in West Palm Beach, Florida this 20th day of September, 2007.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE